## Commonwealth v. Aitken.

*Criminal law—Procedure—Evidence—Notes of testimony—New trial.*

Where, after the conviction of a defendant of false pretences, it is impossible to review the case carefully and completely because of lack of the notes of evidence, and there is a serious doubt in the mind of the court as to the admissibility of certain evidence that was admitted, a new trial was granted in order that justice might be done.

Motion for new trial. Q. S. Dauphin Co., Sept. Sess., 1921, No. 132.

M. E. Stroup, for motion; Philip S. Moyer, District Attorney, contra.

Fox, J., March 2, 1922.—The defendant in this case was convicted of false pretences, and we have before us a motion for a new trial.

No notes of testimony were taken in this case. We do not now have the advantage thereof, and we cannot recall at this time the whole of the evidence taken. There was some doubt in the mind of the court whether or not the offence of false pretence was made out. However, the case was submitted to the jury and the defendant was convicted. We are unable to carefully and completely review the case because of the lack of notes of evidence.

At the argument, though not in the reasons for a new trial, the question was raised as to the proper admissibility of evidence relating to the price that the defendant paid for the truck in question, and it cannot now be stated with certainty whether that evidence was offered in chief or whether it was brought out in cross-examination of the defendant. If it was offered by the Commonwealth in chief, there is serious doubt of its admissibility; if it was brought out in cross-examination, it was proper as testing the credibility of the defendant.

Wherefore, we are of the opinion that in this case justice requires that the defendant should have a new trial. A new trial is, therefore, granted.

From William Jenkins Wilcox, Harrisburg, Pa.